

SIGNED this 25th day of August, 2011

_____
Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE

_____

[This opinion is not intended for publication as the precedential effect is deemed limited.]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>APPALACHIAN OIL COMPANY, INC.,<br><br>Debtor. | No. 09-50259<br>Chapter 11 |
| APPALACHIAN OIL COMPANY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THE KENTUCKY LOTTERY CORPORATION,<br><br>Defendant. | Adv. Pro. No. 10-5057 |

## M E M O R A N D U M

APPEARANCES:

    Mark S. Dessauer, Esq.
    Hunter, Smith & Davis
    Post Office Box 3740
    Kingsport, Tennessee 37664
    *Attorney for Plaintiff*

    Mark J. Sandlin, Esq.
    Goldberg Simpson, LLC
    9301 Dayflower Street
    Prospect, Kentucky 40059
    *Attorney for Defendant*

**Marcia Phillips Parsons, Bankruptcy Judge.** This adversary proceeding is before the court on a motion by debtor Appalachian Oil Company to amend its preference complaint under 11 U.S.C. § 547(b). The Defendant objects to the motion to the extent that the Debtor seeks to add a setoff claim under § 553(b), and avoid a post-petition transfer pursuant to § 549(a). For the reasons discussed below, the motion is granted except as to the § 549(a) claim. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(F).

I.

On February 9, 2009, the Debtor filed for bankruptcy relief under chapter 11. On August 4, 2010, the Debtor initiated the present adversary proceeding against the Kentucky Lottery Corporation. The complaint alleges that prior to its bankruptcy filing, the Debtor sold at its convenience stores located in Kentucky lottery tickets that it had obtained from the Defendant. The complaint further alleges that the Debtor deposited the proceeds from the sale of lottery tickets in its general operating account, and that from this account, it paid the Defendant certain transfers described in Exhibit No. 1 to the complaint. The complaint then sets forth the elements of a preference provided in § 547(b) of the Bankruptcy Code, states that the transfers in question satisfy these elements, and alleges that the Defendant is an initial transferee of the transfers under § 550(a) of the Code. In its prayer for relief, the Debtor requests that the court avoid the transfers pursuant to 11 U.S.C. § 547(b), order the Defendant to return the value of the transfers pursuant to 11 U.S.C. § 550(a), and enter a judgment in the amount of $452,468.45 plus prejudgment interest from the date of demand. Exhibit No. 1 identifies by check date and amount fifteen transfers totaling $452,468.45.

On September 7, 2010, the Defendant answered the complaint, and discovery has been ongoing, with trial set for February 8, 2012. On May 17, 2011, the Debtor filed the motion to amend that is presently before the court, to which is attached the proposed amended complaint. The new complaint adopts and incorporates all the allegations in the original complaint and then sets forth various new allegations under the headings "Avoidance of Additional Transfers Under 11 U.S.C. § 547(b)," "Avoidance Of Setoff Under 11 U.S.C. § 553(b)," "Recovery of Post-Petition Transfers," and "Avoidance of Kentucky Lottery Corporation Lien."

The Defendant objects to the motion to amend, specifically to the addition of the setoff and post-petition transfer claims. As to the setoff claim, the Defendant argues that the Debtor seeks to introduces a new legal theory of recovery for which the original complaint provided no notice. Regarding the post-petition claim, the Defendant asserts that the addition of any right to recover under 11 U.S.C. § 549 is a new claim barred by the applicable statute of limitations. As to both claims, the Defendant asserts that amendment would be futile because the claims would not survive a motion to dismiss as the lottery ticket proceeds were held in trust for Defendant and were not property of the Debtor.

The Debtor filed a reply to the Defendant's response to the motion to amend. The matter is now ready for resolution by the court.

II.

Under Federal Rule of Civil Procedure 15, applicable in adversary proceedings through Federal Rule of Bankruptcy Procedure 7015, a plaintiff at this stage of the proceeding may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Supreme Court has stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing part by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The only *Foman* factor raised by the Defendant is futility of amendment. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A complaint can withstand a motion to dismiss if there is sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, an amendment is futile if the court cannot reasonably infer from the facts presented that the defendant is liable.

As previously stated, the Defendant argues that the Debtor's request to amend its complaint is futile because all of the transfers set forth in the amended complaint were of trust funds rather than property of the Debtor and, therefore, are not avoidable. In response, the Debtor offers the affidavit of Tracy Welch, the Debtor's former senior accountant, who states that the lottery ticket sale proceeds were not segregated from the Debtor's other funds but were instead commingled in its main operating account from which the Defendant was paid. Consequently, argues the Debtor, these payments are insulated from avoidance only if the Defendant traces them to the lottery trust funds received by the Debtor, a burden the Defendant has not yet met.

The Defendant has not responded specifically to the Debtor's tracing argument. It has, however, filed in connection with the original complaint a motion for summary judgment on the trust vs. property of the debtor issue.[1] The time for the Debtor to respond to that motion has not run. In order to allow both parties the opportunity to fully address the trust issue and any tracing requirement, it would appear to be appropriate for the court to reserve consideration of this issue until the summary judgment motion is ready for resolution, assuming that the Debtor's proposed amended complaint is otherwise proper. At this juncture, the allegation in the amended complaint that the transfers from the Debtor's commingled bank account constituted property of the Debtor has sufficient facial plausibility to overcome the Defendant's futility argument. *Cf. Angell v. Ber Care, Inc. (In re Caremerica, Inc.)*, 409 B.R. 737, 750-51 (Bankr. E.D.N.C. 2009) (allegations by trustee concerning transfer of interest of the debtor in property failed to meet the plausibility standard where funds were transferred from account of third party). The ultimate merit of this allegation will await further ruling of this court.

---

[1] The Defendant filed its motion for summary judgment on July 5, 2011. Pursuant to an agreed order, the Debtor has until September 30, 2011, to file a response.

III.

Although consent to amend a complaint should be freely given if no *Foman* factor is present, an amended complaint cannot be filed after the statute of limitations has expired unless it relates back to the date of the original complaint. *Hall v. Spencer County*, 583 F.3d 930, 934 (6th Cir. 2009). In this instance, the relevant statutes of limitations have run.[2] Consequently, in order to grant the Debtor's amendment request, the court must find that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Sixth Circuit Court of Appeals has advised that this rule must be interpreted in light of the "fundamental tenor of the Rules," which is "liberality rather than technicality." *Hall v. Spencer County*, 583 F.3d at 934 (quoting *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)). If the facts alleged in the original complaint put the defendant on notice that it "could be called to answer for the allegations in the amended pleading," then the amended complaint relates back. *Hall v. Spencer County*, 583 F.3d at 934 (quoting *United States ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)). Moreover, a party may add a new legal theory or an entirely new claim for relief in an amended complaint as long as it arises out of the same transaction or occurrence. *Id*. at 934; *Miller v. American Heavy Lift Shipping*, 231 F.3d at 248.

With this analysis in mind, the court turns specifically to the proposed amendments opposed by the Defendant.[3] The first is a claim for setoff under § 553. As stated in the proposed amended

---

[2] Section 546 of the Bankruptcy Code requires actions under §§ 544, 545, 547, 548 and 553 to commence by the later of two years after entry of the order for relief or one year after the appointment of a trustee, if such appointment occurs before the expiration of the two-year period from entry of the order for relief. 11 U.S.C. § 546(a). Since no trustee was appointed, the Debtor had until two years from the petition date, or February 9, 2009, to pursue such claims. Proceedings to avoid post-petition transfers under § 549 must be initiated by the earlier of two years after the date of the transfer or the date that the bankruptcy case is closed or dismissed. § 549(d). The challenged transfer was made on February 11, 2009. Therefore, the statute of limitations for that claim ran on February 11, 2011, before the filing of the Debtor's current motion to amend.

[3] Although the objection filed by the Defendant states generally that the motion to amend should be denied, no specific reference or argument is made regarding the additional preference
(continued...)

complaint, the Debtor alleges that it paid the Defendant twice for a January 18, 2009 invoice. Both payments were made on January 22, 2009, in the amount of $31,064.94, with the first payment by automated draft and the second by wire transfer. Rather than refund the second payment, the Defendant set off the overpayment against a subsequent February 2, 2009, invoice in the amount of $36,157.30. The Debtor seeks in the amended complaint to recover the $31,064.94 setoff pursuant to § 553(b)(1) to the extent the Defendant improved its position thereby.

The Defendant objects to the addition of the setoff claim. It notes that the Debtor's original complaint sought recovery of preferences pursuant to § 547(b), that the referenced payments were not classified as a setoff under § 553(b), and that the Debtor "has thereby introduced an entirely new legal theory at this late date."

While the Defendant's argument is factually correct, it is also irrelevant. As previously stated, there is no prohibition on a party adding a new legal theory or an entirely new claim for relief in an amended complaint as long as it arises out of the same transaction or occurrence set forth in the original complaint. *See Hall v. Spencer County*, 583 F.3d at 934; *Miller v. American Heavy Lift Shipping*, 231 F.3d at 248. The Debtor's setoff claim meets that test. Exhibit No. 1 to the complaint listed both the $31,064.94 and $36,157.30 amounts, with the respective check dates of January 17, 2009, and January 31, 2009, as payments that the Debtor was seeking to recover. Granted, the pertinent dates set forth in the amended complaint are slightly different from those in the complaint, although less than a week off in each instance, and payment was by wire transfer rather than check. Nonetheless, "the two sets of complaints concern[] the same time period and the same injuries," *Miller v. American Heavy Lift Shipping*, 231 F.3d at 249, with simply an additional legal theory of recovery. The liberal standard required by Rule 15(c) has thus been satisfied. *See Hall v Spencer County*, 583 F.3d at 934 (Because the original complaint and the amended complaint are based on "the same nexus of facts and actions" and simply assert a "new legal theory," the amendment relates back.); *Koon v. Lakeshore Contractors*, 128 F.R.D. at 653 ("[A]n added theory of liability for the

---

³(...continued)
claims or the lien avoidance claim set forth in the proposed amended complaint. Accordingly, the court concludes that the Defendant does not oppose these particular amendments.

6

same occurrence may relate back."); *see also Mendelsohn v. Mack Financial Corp. (In re Frank Santora Equipment Corp.)*, 202 B.R. 543, 546 (Bankr. E.D. N.Y. 1996) (amendment adding fraudulent conveyance claim related back to preference complaint because both claims stemmed from the same basic facts alleged in the initial complaint); *Hutson v. Greenwich Ins. Co. (In re E-Z Serve Convenience Stores, Inc.)*, No. 04-9172, 2005 WL 4882753, *4 (Bankr. M.D.N.C. Dec. 12, 2005) (plaintiff permitted to amend by adding additional causes of action under §§ 548 and 542, where amendments arise out of the same, single transaction which formed the basis of the original § 547 complaint).

The court next turns to the proposed amendment to add a claim for the recovery of an unauthorized post-petition transfer pursuant to § 549 of the Bankruptcy Code. Specifically, the proposed amended complaint recites that on February 11, 2009, the Defendant received from the Debtor a wire transfer in the amount of $29,982.95, which the Defendant applied to outstanding pre-petition invoices. The Debtor alleges that the Defendant's receipt of this transfer was not authorized and therefore subject to avoidance under 11 U.S.C. § 549(a). In its memorandum filed in support of its motion to amend, the Debtor asserts that the Defendant "was put on notice in the original complaint that [Debtor] was seeking to avoid all transfers during the preference period or after the preference period."

This court disagrees. No reference whatsoever is made to the "after the preference period" in the original complaint. To the contrary, the opening paragraph of the complaint recites: "This is an action to avoid certain preferential transfers pursuant to 11 U.S.C. § 547(b) and to recover the value of such transfers from the Defendant pursuant to 11 U.S.C. § 550(a)." The five-page complaint references the preference period four different times, quotes § 547(b) in its entirety, and then tracks the language of the statute to show that all of the elements of a preference are satisfied. Furthermore, all fifteen of the payments described in Exhibit No. 1 reference dates within the preference period. There is simply nothing in the complaint that places the Defendant on notice that it is being called to answer for anything other than the transactions that took place during the pre-petition preference period.

The court has located four cases where it was held that an amendment seeking to add a § 549 post-petition transfer related back to a § 547 complaint. *See Phoenix Restaurant Group, Inc. v. Proficient Food Co. (In re Phoenix Restaurant Group, Inc.)*, 373 B.R. 541 (Bankr. M.D. Tenn. 2007); *Mayka v. Dollar Bank, FSB (In re Biggs, Inc.)*, 159 B.R. 737 (Bankr. W.D. Pa. 1993); *Fiber-Lite Corp v. Molded Acoustical Prods., Inc. (In re Molded Acoustical Prods., Inc.)*, 150 B.R. 608 (E.D. Pa. 1993); *Spaeth v. Day Air Credit Union (In re Motorwerks, Inc.)*, No. 07-3046, 2008 WL 5424120 (Bankr. S.D. Ohio 2008). In all four cases, however, the facts that provided the basis for the new § 549 claim had been set forth in the original complaint. In the *Phoenix* and *Fiber-Lite* cases, the original complaint identified the post-petition transfer in question but mistakenly described it as a preference, with the parties determining after discovery that the check had not clear the bank until after the bankruptcy filing. *In re Phoenix Restaurant Group, Inc.*, 373 B.R. at 550; *In re Molded Acoustical Prods., Inc.*, 150 B.R. at 613. Similarly, in the *Biggs* and *Motorwerks* decisions, the original complaints described certain transfers and alleged that they were avoidable as preferences, while the amended complaint corrected the date of the previously described transfers and sought their avoidance as post-petition transfers. *In re Biggs, Inc.*, 159 B.R. at 743-44; *In re Motorwerks, Inc.*, 2008 WL 5424120, *7. Thus, the amendments merely substituted a new legal theory of recovery for injuries previously and timely disclosed.

In the present case, in contrast, the Debtor's amended complaint marks the first time that it has given notice of the $29,982.95 transfer that took place on February 11, 2009, and of its intention to seek recovery of the transfer from the Defendant. There is no mention in the original complaint of a payment in this amount, or of any transfer on that date or after the bankruptcy filing. The Debtor seeks to overcome this deficiency with two arguments. First, the Debtor contends that the post-petition transfer arises out of the same conduct or transaction set forth in the original complaint because all were "part of an overall business relationship between these two (2) parties or all arise from the same set of operative facts. In other words, the February 11, 2009 wire transfer does not represent a separate and independent transaction from those within the preference period, but is one in a series of transfers that, due to the timing of [Debtor's] bankruptcy petition, happen to fall two (2) days after the filing."

This argument has a valid legal basis. Courts have found the existence of a sufficient factual nexus where the payments were part of a common scheme or course of conduct, particularly in the fraudulent conveyance context. *See, e.g., Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379, 391 (Bankr. N.D. Ill. 1994) (amendment of additional fraudulent transfers permitted where timing and amount of payments indicated that they were part of an ongoing pattern of fraudulent conduct described in complaint). The original complaint must have alleged the particular course of conduct or evidenced an intent to avoid all transfers during the relevant time period. *See, e.g., Official Comm. of Unsecured Creditors v. Pirelli Commc'ns Cables and Sys. USA LLC (In re 360Networks (USA) Inc.)*, 367 B.R. 428, 434 (Bankr. S.D.N.Y. 2007) (amendment to add additional preference claims denied where original complaint failed to put defendant on notice that additional transactions may be challenged); *Gordon v. Slaughter (In re Slaughter Co. and Assocs., Inc.)*, 242 B.R. 97, 102 (Bankr. N.D. Ga. 1999) (complaint did not evidence an intent to avoid all transfers to defendant that occurred during the year before the bankruptcy filing); *Grella v. Zimmerman (In re Art & Co.),* 179 B.R. 757, 763 (Bankr. D. Mass. 1995) (additional fraudulent conveyance claims permitted where the original complaint contained sufficient allegations to give the defendant fair notice that the trustee was complaining about transactions occurring throughout the course of the parties' relationship).

The original complaint filed by the Debtor does not meet this standard. While it set forth a brief description of the parties' relationship, it only does so in the context of the payments that took place during the preference period. One paragraph even references "the preference period at issue." Nothing in the complaint suggests or places the Defendant on notice that the Debtor was seeking recovery of anything other than the series of payments that occurred in the 90-day preference period. *See Miller v. MBM Corp. (In re Ameriking, Inc.)*, No. 04-57450, 2006 WL 539006, *2 (Bankr. D. Del. March 2, 2006) (amended complaint that sought to attack a new transfer under a new legal theory, § 549, denied as claim did not arise out of conduct, transaction or occurrence set forth in original preference complaint); *see also Knopfler v. Addison Bdg. Material Co. (In re Germansen Decorating, Inc.)*, 149 B.R. 522, 530 (Bankr. N.D. Ill. 1993) (court rejected argument that amended complaint should relate back because both complaints arise out of the same contractual relation between the parties; original complaint that sought to avoid supplier's mechanic liens did not

9

suggest facts which could give rise to trustee's § 549 claim).

The Debtor's second argument in this regard is that the required notice need not come from the complaint but may come from evidence extrinsic to the pleadings. In support of this argument, the Debtor cites a footnote in the Sixth Circuit Court of Appeals' *Miller* decision, wherein the court suggested this possibility but concluded that it was unnecessary to resolve the question in the case before it because the original complaint provided the defendant with adequate notice of the charges raised in the amended complaint. *See Miller v. American Heavy Lift Shipping,* 231 F.3d at 251 n.8. Subsequently, in *United States v. Community Health Sys., Inc.*, 501 F.3d 493 (6th Cir. 2007), the court of appeals squarely addressed the issue. Employing a "functional approach to Rule 15(c)(2)," the court did not limit the relation back inquiry to the four corners of the complaint, but examined whether, through the pleadings or other sources, the defendant had been placed on notice of the entire scope of the transaction or occurrence. *Id.* at 517- 518.

As evidence of extrinsic notice in the present case, the Debtor points to the Defendant's telephone conversation logs for February 11, 2009, produced in discovery, which show the following:

| | |
|---|---|
| Disabled instant on AS/400 per Howard Kline today | 2/11/2009 11:42:03 a.m. |
| Received wire for total of $29,282.95 seq.9042. Deleted sweep | 2/11/2009 3:26:47 p.m. |

The Debtor asserts that these log entries are similar to those entered by the Defendant during the preference period, such that it is apparent that both the pre-petition and post-petition transfers are part of an overall business relationship between the two parties or arise from the same set of operative facts.

The Debtor is correct that, broadly speaking, the February 11 payment is simply another regular payment of lottery ticket proceeds to Defendant. Nonetheless, it can not be said that an action under § 549 to recover this payment, which took place after the bankruptcy filing, arises out of the same conduct, transaction or occurrence as the pre-petition preference claims, at least within the contemplation of Rule 15(c). The bankruptcy petition filing draws the proverbial line in the

sand between pre-petition and post-petition actions. *See, e.g.*, 11 U.S.C. § 362(a) (limiting actions that can be taken against a debtor after bankruptcy); § 547(b) (elements of recoverable pre-petition transfers); § 549(a) (elements of recoverable post-petition transfers). What happened before the Debtor filed and what happened after are two distinct factual situations with different legal implications. Moreover, this Debtor continued operating its stores for a period of time after the chapter 11 filing. Postpetition transfers by a debtor, even these that fall within the parameters of § 549 of the Bankruptcy Code, are otherwise valid, absent avoidance by the court. *See, e.g., Zeman v. Humphreys (In re Zeman)*, No. 09-5081, 2011 WL 1042568, *3 (Bankr. W.D. Tex. March 16, 2011) ("In short, the trustee may, but is not obligated to, avoid unauthorized post-petition transfers of property of the estate.") Thus, the mere fact that the Defendant knew that he had received this post-petition payment from the Debtor, combined with knowledge that it was being sued solely to recover pre-petition preferences, was insufficient to place the Defendant on notice that it would be "called to answer for the allegations in the amended pleading," *Hall v. Spencer County*, 583 F.3d at 934, i.e., avoidance of the post-petition transfer. Accordingly, the Debtor's argument that the Defendant was placed on notice by extrinsic sources is rejected. Because the Debtor's newly pled post-petition transfer claim does not relate back to overcome its untimeliness, the request to amend the complaint to add this claim must be denied.

IV.

For the foregoing reasons, the Debtor's motion to amend will be granted in part and denied in part. The motion will be denied as to the proposed post-petition transfer claim which is barred by the statute of limitations and does not relate back. The motion will be granted as to all other claims. An order will be so entered.

# # #